IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELVA G.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 22 C 5883 |
| v. | ) |
| | ) Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) Maria Valdez |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Elva G.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request for remand is granted, and the Commissioner's motion for summary judgment [Doc. No. 17] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

This case has had an unusually extensive procedural history. On November 1, 2012, Plaintiff filed an application for DIB, alleging disability since October 4, 2009 due to back and neck impairments. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), who issued an unfavorable decision on September 26, 2014. After she appealed to the United States District Court, the case was reversed and remanded by agreement on December 7, 2016. At a second ALJ hearing, held on October 23, 2017, Plaintiff personally appeared and testified through an interpreter. The ALJ again issued an unfavorable decision, but the case was remanded by the Social Security Administration Appeals Council on March 4, 2019.

A third hearing, this time before a different ALJ, was held on January 6, 2020. Plaintiff again appeared and testified through an interpreter, and a vocational expert also appeared. On March 3, 2020, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Appeals Council denied Plaintiff's request for review this time, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of October 4, 2009 through her date last insured of March 31, 2014. At step two, the ALJ concluded that Plaintiff had a severe impairment of degenerative disc disease of the lumbar and cervical spine. The ALJ concluded at step three that her impairments, alone or in combination, do not meet or medically equal a listed impairment. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform sedentary work with the following additional limitations: lifting and carrying nineteen pounds frequently and thirteen pounds occasionally; standing/walking no more than two hours in an eight-hour workday and sitting for six hours in an eight-hour workday; changing or alternating positions every thirty minutes for one to two minutes while remaining at the workstation and with no change in the work process; occasionally climbing ramps and stairs, balancing, stooping, and kneeling; frequently crawling; never climbing ladders, ropes, or scaffolds; frequently pushing, pulling, handling, fingering, and reaching in all directions bilaterally; and avoiding unprotected heights and extreme cold.

At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a collator machine operator, a fast food worker, an order checker, a cook helper, plater helper, and stores laborer. At step five, based upon

3

the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to

the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.  JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision

5

must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a Plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors

6

his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including that the ALJ improperly discounted her subjective allegations as well as the medical opinion of Dr. Kathryn Rohr when evaluating her limitation on reaching. The ALJ's evaluation of this symptom was critical to her decision because a reaching limitation would preclude competitive work. (R. 926.)

The ALJ believed Dr. Rohr's opinion that Plaintiff could reach only occasionally was too restrictive and was based solely on Plaintiff's subjective complaints. She further found that the limitation was inconsistent with Plaintiff's ability to drive her daughter to school two to three times per week as well as clinical findings showing Plaintiff had full range of motion and strength in her upper extremities.

Plaintiff's claim was filed before March 27, 2017 and thus must be evaluated under prior regulations requiring an ALJ to give controlling weight to a treating physician's opinion if the opinion is both "well-supported" and "not inconsistent with the other substantial evidence" in the case record. 20 C.F.R. § 404.1527(c); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must also "offer good reasons for discounting" the opinion of a treating physician. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (internal quotations omitted); *Scott*, 647 F.3d at 739; *see also Israel v. Colvin*, 840 F.3d 432, 437 (7th Cir. 2016) ("A contradictory opinion of a

7

non-examining physician does not, by itself, suffice as a justification for discounting the opinion of the treating physician."). The regulations require the ALJ to consider a variety of factors, including: (1) the length, nature, and extent of the treatment relationship; (2) the frequency of examination; (3) the physician's specialty; (4) the types of tests performed; and (5) the consistency and support for the physician's opinion. *See* 20 C.F.R. § 404.1527(c).

The Court agrees with Plaintiff that the ALJ's rejection of Dr. Rohr's opinion was not supported by substantial evidence. The ALJ discounted the opinion because it was based on Plaintiff's subjective complaints, but she did not analyze why Plaintiff's claims of numbness, tingling, and weakness in her arms and hands were not credible. It is well-established that an ALJ may not disregard a claimant's allegations solely because they are not supported by objective medical evidence. *See Hall v. Colvin*, 778 F.3d 688, 691 (7th Cir. 2015); *Glynn v. Berryhill*, No. 17 C 4312, 2018 WL 3785444, at *5 n.4 (N.D. Ill. Aug. 9, 2018).

Furthermore, as Plaintiff points out, her subjective complaints were deemed credible and significant to Dr. Rohr, an orthopedic specialist, who considered them in forming her opinion about Plaintiff's reaching limitations. Plaintiff's allegations of pain were also considered credible by Michael Gadomska, a Certified Functional Assessment Specialist. Although Gadomska was not an accepted medical source, Dr. Rohr relied on his report, which the ALJ found to be generally supported. *See also* 20 C.F.R. § 416.929(c)(3) ("The information that your medical sources or

8

nonmedical sources provide about your pain or other symptoms . . . is also an important indicator of the intensity and persistence of your symptoms.").

The Commissioner responds that the RFC is in line with Dr. Rohr's opinion "to a large extent." (Def.'s Mem. At 8.) She contends that the ALJ evaluated Dr. Rohr's entire opinion and found no evidence supporting the reaching limitation, *i.e.,* there were no reports of limited range of motion or muscle weakness in the upper extremities. The Commissioner, however, fails to address Plaintiff's argument that the ALJ improperly rejected Dr. Rohr's reaching limitation because there was no objective medical evidence in support, without further explaining why Plaintiff's subjective complaints supporting that limitation should be ignored.

The ALJ largely credited Dr. Rohr's opinion except for the one finding on reaching that would lead to a disability determination. Her failure to fully discuss the reasons why that opinion was rejected was in error and warrants remand. Of course an ALJ is not required to accept every allegation of a claimant's subjective symptoms. However, the regulations guide how those symptoms should be evaluated, and a complete evaluation is even more necessary when the symptoms have been credited by an acceptable medical source whose opinion is otherwise unobjectionable.

Finally, the Court agrees with Plaintiff that the ability to drive three times a week for to twenty minutes at a time does not equate to the ability to reach frequently in a competitive work environment. The Commissioner maintains that "common sense" demonstrates that Plaintiff's ability to occasionally drive is

9

relevant to her ability to reach. The Court, however, fails to see how a few minutes of driving, which is generally performed in a close environment with bent arms, demonstrates the ability to reach frequently, which means between one-third to two-thirds of the time. *See* SSR 83-10, 1983 WL 31251, at *6 (1983); *see also Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000) (finding that an ALJ failed to explain how a Plaintiff's daily activities were inconsistent with the medical record).

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to explore Plaintiff's possible limitations in communicating in English and to include those limitations in the RFC if necessary.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for remand is granted, and the Commissioner's motion for summary judgment [Doc. No. 17] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**　　　　　　　　　　　**ENTERED:**

　

**DATE:　November 2, 2023**　　　　　_____
　　　　　　　　　　　　　　　　　　　**HON. MARIA VALDEZ**
　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**

10